**FILED**

**2:27 pm Jan 10 2024**

**Clerk U.S. District Court**
**Northern District of Ohio**
**Cleveland**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID C. LETTIERI,** | ) | **CASE NO. 4:24 CV 00032** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | **ORDER OF DISMISSAL** |
| | ) | |
| **NORTHEAST OHIO** | ) | |
| **CORRECTIONAL CENTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

*Pro se* plaintiff David C. Lettieri, a federal prisoner in the Niagra County Jail, filed this complaint alleging negligence against the Northeast Ohio Correctional Center, where he was previously detained. The factual allegations in his complaint are very brief.  He states that in July 2023, while detained at the Northeast Ohio Correctional Center , Defendant "failed to properly cook" rice, and his tooth was damaged. (Doc. No. 1 at 4). He seeks $4,000,000 in damages.

Plaintiff also filed an application to proceed *in forma pauperis* (Doc. No. 2).  For the reasons stated below, the application is denied pursuant to 28 U.S.C. § 1915(g), and this action is dismissed without prejudice.

Pursuant to 28 U.S.C. § 1915(a), a Court may authorize the commencement of an action without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of poverty.  Prisoners, however, become responsible for paying the entire amount of their filing fees and costs from the moment they file the complaint.  28 U.S.C. § 1915(b).  When an inmate seeks pauper status, the only issue for the Court to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan.  *Id.*  Absent imminent danger, the benefit of the installment plan is denied to prisoners who have on three or more prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted.  28 U.S.C. § 1915(g).

In interpreting the "three strikes" language of this section, the United States Sixth Circuit Court of Appeals held that "where a complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)."  *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007).  Dismissals of actions entered prior to the effective date of the Prisoner Litigation Reform Act ("PLRA") also are counted toward the "three strikes referred to in 28 U.S.C. § 1915(g)."  *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

As the language of 28 U.S.C. § 1915(g) indicates, the three strikes provision will not apply if a "prisoner is under imminent danger of serious physical injury."  For purposes of interpreting the statute, the Court considers whether Plaintiff is in imminent danger at the time of the filing of the Complaint.  *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)

-2-

("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing.").  Although the Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate."  *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008).  Moreover, the imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading."  *Vandiver*, 416 F. App'x at 562; *see Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (suggesting that courts should focus solely on the facts alleged in the complaint when deciding whether a prisoner faces imminent danger).

Plaintiff filed at least 6 prior cases while incarcerated that were dismissed under 28 U.S.C. § 1915(e) by this Court.  *See Lettieri v. Four In One*, No. 4:23 CV 1661 (N.D. Ohio Nov. 30, 2023)(filed Aug. 25, 2023 and dismissed under 28 U.S.C. § 1915(e)); *Lettieri v. Northeast Ohio Corr. Center*, 4:23 CV 1690 (N.D. Ohio Nov. 22, 2023)(filed Aug. 29, 2023 and dismissed under 28 U.S.C. § 1915(e)); *Lettieri v. Federal Marshals*, No. 4:23 CV 1872 (N.D. Ohio Nov. 30, 2023)(filed Sep. 26, 2023 and dismissed under 28 U.S.C. § 1915(e)); *Lettieri v. New York State Troopers*, No. 4:23 CV 2077 (N.D. Ohio Nov. 21, 2023)(filed Oct. 23, 2023 and dismissed under 28 U.S.C. § 1915(e)); *Lettieri v. Northeast Ohio Corr. Center*, No. 4: 23 CV 2172 (N.D. Ohio Dec. 11, 2023)(filed Sep. 5, 2023 and dismissed under 28 U.S.C. § 1915(e)); and *Lettieri v. Federal Marshals*, No. 4:23 CV 2202 (N.D. Ohio Nov. 30, 2023)(filed Nov. 13, 2023 and dismissed under 28 U.S.C. § 1915(e)). These cases include the following claims: Plaintiff did not understand the ingredients in a flavoring packet offered for sale in the correctional facility; Defendant failed to provide envelopes and Plaintiff had to wait two weeks for money to be available in his inmate trust account; Defendant denied Plaintiff the opportunity

to "complete a program to best oneself"; Plaintiff was "transferred for no reason"; Defendant refused to arrest Plaintiff's ex-girlfriend; and Plaintiff mailed a letter that was returned "for reasons." *See id.*

Additionally, Plaintiff filed 62 cases in the United States District Court for the Western District of New York in 2023.  Of those 62 cases, 49 were filed prior to the within Northern District of Ohio case, and 9 of those cases to date were dismissed on screening pursuant to 28 U.S.C. § 1915(e) or 28 U.S.C. § 1915A.  *See Lettieri v. Western District of New York*, No. 1:23 CV 770 (W.D.N.Y. Sep. 11, 2023)(filed July 31, 2023); *Lettieri v. Dept. of Justice*, No. 1:23 CV 865 (W.D.N.Y. Oct. 19, 2023)(filed Aug. 21, 2023); *Lettieri v. Dept. of Justice*, No. 1:23 CV 866 (W.D.N.Y. Sep. 20, 2023)(filed Aug. 21, 2023); *Lettieri v. Daniels*, No. 1:23 CV 867 (W.D.N.Y. Oct. 16, 2023)(filed Aug. 21, 2023); *Lettieri v. Auricchio*, No. 1:23 CV 875 (W.D.N.Y. Oct. 11, 2023)(filed Aug. 22, 2023); *Lettieri v. Dept. of Justice*, No. 1:23 CV 897 (W.D.N.Y. Oct. 10, 2023)(filed Aug. 28, 2023); *Lettieri v. Reynolds*, No. 1:23 CV 925 (W.D.N.Y. Oct. 17, 2023)(filed Sep. 1, 2023); *Lettieri v. Vilardo*, No. 6:23 CV 6498 (W.D.N.Y. Sep. 21, 2023)(filed Aug. 28, 2023); *Lettieri v. Bonanno*, No. 6:23 CV 6515 (W.D.N.Y. Dec. 18, 2023)(filed Sep. 5, 2023).   The remaining 40 cases are still pending in the Western District of New York, awaiting action by Plaintiff to correct deficiencies in his *in forma pauperis* applications.

The only question left for this Court to decide is whether the facts of this complaint demonstrate that Plaintiff was in imminent danger of serious physical injury when he filed this action.  They do not.  The complaint contains almost no factual allegations.  He states only that his rice was not cooked properly and, as a result, he broke his tooth. These allegations are not

-4-

sufficient to state a claim upon which relief may be granted, and they do not suggest that he was

in imminent danger of serious physical injury when he filed the complaint.

Accordingly, Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is denied

pursuant to 28 U.S.C. § 1915(g), and this action is dismissed.  Plaintiff may reopen this action

within 30 days of the date of this Order by first paying the full filing fee of $ 405.00 and then

filing a motion to reopen.  No other documents, including a motion to reopen or a motion for

reconsideration, will be accepted for filing in this case by the Clerk of Court unless and until the

full filing fee has been paid.  The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an

appeal from this decision could not be taken in good faith.[1] The Court cautions Plaintiff that if

he continues to file patently frivolous actions, he may be permanently enjoined from filing new

actions without first obtaining leave of court.

**IT IS SO ORDERED**.

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C.  § 1915(a)(3) provides that "an appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.